IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| DARIUS TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 622-008 |
| | ) | |
| DR. ESPINOZA and DR. THOMAS, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, detained at Smith State Prison in Glennville, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING THE COMPLAINT**

   A.  **BACKGROUND**

Plaintiff names the following Defendants: (1) Dr. Espinoza and (2) Dr. Thomas, both correctional medicine physicians with the Georgia Department of Corrections. (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 5, 2019, several inmates at Smith State Prison assaulted and stabbed Plaintiff, causing retinal detachment and blindness in his left eye as well as breathing issues. (Id. at 4-5.)

After the injury, Plaintiff took eye drops and an ointment, but eventually stopped doing so when he was told neither would restore his vision. (Id.) Plaintiff also suffers from nerve damage in his right hand for which he has never received treatment or therapy. (Id.)

In February 2020, Plaintiff asked Dr. Espinoza for surgery to restore his vision, but Dr. Espinoza declined and said, "It would not work." (Id. at 4.) Plaintiff then informed Dr. Espinoza of the extreme pain in his left eye and nerve damage in his right hand, but Dr. Espinoza said he could do nothing about the nerve damage and only removing the eye could alleviate the eye pain. (Id.) Plaintiff asked to have his eye removed, and Dr. Espinoza scheduled Plaintiff an appointment with Dr. Thomas to discuss removing the eye. (Id.)

Plaintiff met with Dr. Thomas once to ask him to remove the eye; however, Plaintiff never met with Dr. Thomas again regarding the procedure. (Id. at 4-5.) Plaintiff met with Dr. Espinoza three more times, and on October 25, 2021, Plaintiff explained he was still in pain and had not seen Dr. Thomas again after the first appointment, though Dr. Thomas is the one "who [was] presented to [Plaintiff] as the [Doctor] to make this surgery happen." (Id.) Dr. Espinoza told Plaintiff he would write a note to Defendant Thomas, but he "could not control [Defendant Thomas.]" (Id. at 4.) Dr. Espinoza also recommended Plaintiff return to see Dr. Espinoza once a year. (Id. at 5.) Plaintiff filed grievances at both Smith State Prison and Augusta State Medical Prison and was told he would be scheduled for another eye appointment, which Plaintiff does not want. (Id. at 7.)

Plaintiff alleges Drs. Espinoza and Thomas' failure to remove his left eye constitutes deliberate indifferent to serious medical needs. (Id. at 5.) For relief, Plaintiff seeks removal of his left eye, a prosthetic eye, and $2,000,000 in damages. (Id.)

**B.     DISCUSSION**

**1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R.

Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim for Deliberate Indifference to Serous Medical Need Against Dr. Espinoza

Plaintiff fails to state a claim upon which relief can be granted. To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant (1) was subjectively aware of a serious risk of harm and (2) disregarded that risk (3) by following a course of action which constituted more than mere negligence. Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

4

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.

Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010). Furthermore, the Court should not second-guess medical judgments. Wallace v. Sheriff, 518 F. App'x 621, 622-23 (11th Cir. 2013); Smith, 375 F. App'x at 910 ("[W]hether governmental actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment.").

5

Here, Plaintiff has not alleged deliberate indifference to a serious medical need against Dr. Espinoza. Estelle, 429 U.S. at 105-06. He has been seen by Dr. Espinoza several times regarding his medical conditions, and Dr. Espinoza scheduled yearly appointments with Plaintiff and referred Plaintiff to Dr. Thomas for the desired procedure. The facts do not show Dr. Espinoza acted with negligence, let alone deliberate indifference, or that Dr. Espinoza is even responsible for the complained of delay in Plaintiff's desired medical care. Campbell, 169 F.3d at 1363-72.

To the extent Plaintiff also bases his Eighth Amendment claim in Dr. Espinoza's failure to treat the nerve damage in his right hand, the Court reaches the same result. Dr. Espinoza examined the hand, and told Plaintiff there was nothing he could do for the pain. Plaintiff simply disagrees with that diagnosis, and a mere difference of opinion between a doctor and a prisoner as to the proper course of treatment cannot support an Eighth Amendment claim. Wallace v. Sheriff, 518 F. App'x 621, 622-23 (11th Cir. 2013); Smith, 375 F. App'x at 910. As explained by the Eleventh Circuit, the Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Therefore, Plaintiff fails to state a claim upon which relief may be granted against Dr. Espinoza.

## II. CONCLUSION

For the reasons set forth above, Plaintiff fails to state a claim upon which relief can be granted against Dr. Espinoza. Therefore, the Court **REPORTS** and **RECOMMENDS** Dr. Espinoza be **DISMISSED** from this case. By separate Order, the Court directs service of process on Dr. Thomas based on Plaintiff's medical deliberate indifference allegations.

SO REPORTED and RECOMMENDED this 2nd day of May, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA