IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| DARIUS TUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 622-008 |
| ) | |
| DR. ESPINOZA and DR. THOMAS, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Plaintiff, detained at Smith State Prison in Glennville, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING THE AMENDED COMPLAINT**

Plaintiff names the following Defendants: (1) Dr. Espinoza and (2) Dr. Thomas, both correctional medicine physicians with the Georgia Department of Corrections. (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 5, 2019, several inmates at Smith State Prison assaulted and stabbed Plaintiff, causing retinal detachment and blindness in his left eye as well as breathing issues. (Id. at 4-5.) After the injury, Plaintiff took eye drops and an ointment, but eventually stopped doing so when

he was told neither would restore his vision. (Id.) Plaintiff also suffers from nerve damage in his right hand for which he has never received treatment or therapy. (Id.)

In February 2020, Plaintiff asked Dr. Espinoza for surgery to restore his vision, but Dr. Espinoza declined and said, "It would not work." (Id. at 4.) Plaintiff then informed Dr. Espinoza of the extreme pain in his left eye and nerve damage in his right hand, but Dr. Espinoza said he could do nothing about the nerve damage and only removing the eye could alleviate the eye pain. (Id.) Plaintiff asked to have his eye removed, and Dr. Espinoza scheduled Plaintiff an appointment with Dr. Thomas to discuss removing the eye. (Id.)

Plaintiff met with Dr. Thomas once to ask him to remove the eye; however, Plaintiff never met with Dr. Thomas again regarding the procedure. (Id. at 4-5.) Plaintiff met with Dr. Espinoza three more times, and on October 25, 2021, Plaintiff explained he was still in pain and had not seen Dr. Thomas again after the first appointment, though Dr. Thomas is the one "who [was] presented to [Plaintiff] as the [Doctor] to make this surgery happen." (Id.) Dr. Espinoza told Plaintiff he would write a note to Defendant Thomas, but he "could not control [Defendant Thomas.]" (Id. at 4.) Dr. Espinoza also recommended Plaintiff return to see Dr. Espinoza once a year. (Id. at 5.) Plaintiff filed grievances at both Smith State Prison and Augusta State Medical Prison and was told he would be scheduled for another eye appointment, which Plaintiff does not want. (Id. at 7.)

Plaintiff alleges Drs. Espinoza and Thomas' failure to remove his left eye constitutes deliberate indifferent to serious medical needs. (Id. at 5.) For relief, Plaintiff seeks removal of his left eye, a prosthetic eye, and $2,000,000 in damages. (Id.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds Plaintiff has

2

arguably stated a viable Eighth Amendment claim for deliberate indifference against Dr. Thomas. See McElligott v. Foley, 182 F.3d 1248, 1254-55 (11th Cir. 1999). Accordingly, process shall issue as to Dr. Thomas. In a companion Report and Recommendation, the Court recommends dismissal of Dr. Espinoza.

## II.     INSTRUCTIONS

**IT IS HEREBY ORDERED** service of process shall be effected on Defendant Dr. Thomas. The United States Marshal shall mail a copy of the complaint, (doc. no. 1), and this Order by first-class mail and request that Defendant Thomas waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendant Thomas to effect service.

**IT IS FURTHER ORDERED** Plaintiff shall serve upon the defendant, or upon the defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendants or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper

received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants. Upon being given at least five days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. The defendants shall ensure Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendants, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of a defendant named in the amended complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the

Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of

the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these:  any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 2nd day of May, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA